**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMIE HICKS, Plaintiff, | ) | |
| v. | ) | Case No. 25 C 7375 |
| CITY OF LASALLE, an Illinois municipal corporation; JEFF GROVE, in his individual and official capacities as Mayor of LaSalle; MICHAEL SMUDZINSKI, in his individual and official capacities as Chief of Police; JOHN DUNCAN, in his individual and official capacities as Finance Director; BRENT BADER, in his individual and official capacities as City Clerk and FOIA officer; MCKENZIE TAYLOR, in her individual and official capacities as FOIA Officer for the LaSalle Police Department; BRIAN CAMENISCH, in his individual and official capacities as LaSalle Detective; JOSEPH NAVARRO, in his individual and official capacities as State's Attorney for LaSalle County; LASALLE COUNTY; CARUS LLC ; and UNKNOWN DEFENDANTS, | ) | Judge Mary Rowland<br>Magistrate Judge Gabriel Fuentes |
| Defendants. | ) | |

**<u>DEFENDANTS CITY OF LASALLE, JEFF GROVE, MICHAEL SMUDZINSKI, JOHN DUNCAN, BRENT BADER, MCKENZIE TAYLOR AND BRIAN CAMENISCH'S RESPONSE OPPOSING THE PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' LEGAL COUNSEL KLEIN, THORPE AND JENKINS</u>**

Defendants City of LaSalle ("City"), Jeff Grove, Michael Smudzinski, John Duncan, Brent Bader, McKenzie Taylor and Brian Camenisch (collectively "Defendants"), by and through their attorneys, Klein, Thorpe and Jenkins, Ltd. ("KTJ"), respond in opposition to the plaintiff, Jamie Hicks' ("Hicks"), motion to disqualify KTJ as Defendants' legal counsel, stating as follows:

## Introduction

On July 3, 2025, Hicks filed a twelve-count complaint against the Defendants, Carus, LLC, LaSalle County State's Attorney Joseph Navarro and LaSalle County. Ten of the counts seek damages against the Defendants, pursuant to 42 U.S.C. § 1983, for purported violations of Hicks' civil rights. On September 15, 2025, the Defendants filed a Rule 12(b)(6) motion to dismiss all the counts alleged against them in the complaint. Before the Court set a briefing schedule for the motion to dismiss, Hicks took the drastic step of asking this Court to disqualify the Defendants' legal counsel, KTJ, from participating in the litigation. Hicks' motion is premature as the Defendants' motion to dismiss, if granted, will dispose of causes of action that the plaintiff alleges requires KTJ attorneys to provide witness testimony. Hicks contends, pursuant to Rule 3.7, that several KTJ attorneys will be "necessary witnesses" in his lawsuit. But Hicks ignores the function of attorney-client privilege. The testimony Hicks thinks KTJ lawyers will provide is protected from disclosure by attorney-client privilege. Hicks also misconstrues Rules 1.7 and 1.9 that he believes mandate the disqualification of KTJ attorneys. Judicial commentary counsels judges and courts to view motions to disqualify with extreme caution as a possible means for harassment of litigation opponents. Such is the case here where Hicks uses the threat of disqualification to harass the Defendants against whom he harbors clear *animus*. Hicks' motion to disqualify KTJ from representing the Defendants should be denied.

## Argument

### I. General Principles Governing a Motion to Disqualify

A district court has broad discretion when determining whether to grant a motion for disqualification. *Greater Rockford Energy and Technology Corp. v. Shell Oil Co.*, 777 F.Supp. 690, 693 (C.D.Ill. 1991). Disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary" and disqualification motions "should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d

715, 721-22 (7th Cir. 1982). The burden rests with the moving party to show the facts warrant disqualification. *Interactive Coupon Marketing Group, Inc. v. H.O.T. Coupons, L.L.C.*, 1999 WL 409990 (N.D.Ill. June 7, 1999) at *2. The moving party must establish the necessary factual foundation for disqualification of counsel. *Breckinridge v. Bristol-Myers Co.*, 624 F.Supp. 79, 85 (S.D.Ind. 1985).

## II. <u>Hicks' Motion to Disqualify Is Premature</u>

If the Court grants, even partially, the Defendants' motion to dismiss, Hicks' purported need for KTJ attorneys' testimony could no longer exist. For instance, in Count VIII, Hicks alleges the Defendants violated his First and Fourteenth Amendment rights by denying his Freedom of Information Act ("FOIA") requests in retaliation for his purported actions as a whistleblower seeking to expose City malfeasance related to the Carus LLC fire and the alleged efforts to cover up the environmental implications of the incident. Hicks believes KTJ attorney Mallory Milluzzi ("Milluzzi") must testify about the City's denial of his FOIA requests. If the Court dismisses Count VIII, then Milluzzi would no longer be a witness with material information that allegedly only she could provide. Similarly, in Count IX, Hicks contends the Defendants engaged in a conspiracy to deny his First Amendment free speech rights through their Workplace Violence Protection Act ("WVPA") petition that resulted in entry of a plenary protective order against the plaintiff. The motion to disqualify identifies KTJ attorneys Allen Wall ("Wall") and Daniel Bourgault ("Bourgault") as indispensable witnesses who would provide material information about the City's purpose in pursuing the WVPA petition. If the Court grants the Defendants' motion to dismiss Count IX, then Wall and Bourgault cease being possible necessary witnesses.

In *Mercury Vapor Processing Technologies, Inc. v. Village of Riverdale*, 545 F.Supp.2d 783, 789 (N.D.Ill. 2008), the plaintiff moved to disqualify one of the defendant village's attorneys. In denying the motion, the Northern District court noted that "[t]his case is only at the pleading stage, and no discovery has yet occurred . . . It is entirely conjectural what claims, if any, will proceed to trial, let

alone whether [the village attorney] will be called as a witness." *See, Interactive Coupon Marketing Group, Inc.*, 1999 WL 409990 at *3 ("At this stage of the litigation, the court is reluctant to disqualify plaintiff's counsel. It is too early to tell whether Hot Coupons' claims of inequitable conduct have merit and whether the Coolsavings' attorneys' testimony will be adverse."). The instant matter, like *Mercury Vapor Processing Technologies, Inc.*, is only in the pleading stage. It is too early to know whether the KTJ attorneys will be necessary witnesses later in the litigation. Hicks' motion to disqualify should be denied as premature and conjectural.

## III. <u>Hicks Fails to Show that KTJ Should be Disqualified Pursuant to Rule 3.7</u>

Hicks seeks disqualification of KTJ pursuant to American Bar Association ("ABA") Rules of Professional Conduct 3.7. *Doc. #26*, p. 1. Rule 3.7(a) provides that, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" unless certain enumerated exceptions apply. Rule 3.7(a) sets forth the Advocate-Witness Rule that proscribes an attorney from serving as both an advocate and a witness in the same proceeding. *In re Gibrick*, 562 B.R. 183, 187 (N.D.Ill. 2017); *Mercury Vapor Processing Technologies, Inc.*, 545 F.Supp.2d at 787. The threshold question in a Rule 3.7(a) analysis is whether an attorney is likely to be a necessary witness. *Harter v. University of Indianapolis*, 5 F.Supp.2d 657, 663 (S.D.Ind. 1998)*; Mitts & Merrill, Inc. v. Shred Pax Corp.*, 112 F.R.D. 349, 353 (N.D.Ill.1986). An attorney may be a necessary witness when it is "foreseeable" he will testify. *In re Gilbrick*, 562 at 188. If the evidence that would be offered by an attorney can be elicited by other means, the attorney is not a necessary witness. *Harter*, 5 F.Supp.2d at 665. If the information about which an attorney would testify is confidential and protected under attorney-client privilege and the privilege has not been waived, then the attorney would not be a necessary witness. *Id.* at 664-66. In an instance where an attorney is adjudged a necessary witness, the court then must determine whether disqualification would "work a substantial hardship on" the client. *In re Gilbrick*, 562 B.R. at

188. The absence of substantial client hardship means the court can use its discretion to disqualify an attorney from a case. *Id.* at 189-90.

### A. **The Defendants Will Not Call KTJ Attorneys as Witnesses on Their Behalf**

The Comment to Rule 3.7 provides that, "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and the client."[1] The Comment further notes that, "[t]he opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation."[2] The Comment indicates Rule 3.7(a) applies and disqualification may be necessary when an attorney proposes to testify as a witness (and advocate) for his or her client. The purposes of the Rule 3.7(a) Advocate-Witness Rule include: (1) it eliminates the possibility that the attorney will not be a fully objective witness; (2) it reduces the risk that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to an attorney's arguments; and (3) it avoids the appearance of impropriety. *Mercury Vapor Processing Technologies*, 545 F.Supp.2d at 787.

In this matter, the Defendants do not intend to call KTJ attorneys as witnesses on their behalf at trial. Rather, Hicks identifies KTJ attorneys as "central fact witnesses" whose testimony is "indispensable." *Doc. #26*, p. 4. Hicks decided that KTJ attorneys must be witnesses at trial and, based on his assessment, he now seeks to disqualify KTJ from the lawsuit. KTJ lawyers are purported necessary witnesses only because Hicks claims they must be so. This is precisely the situation that requires the court to view motions to disqualify "more skeptically and [the court] must be concerned about the possibility that the motion to disqualify is an abusive tactic to hurt the opponent's ability to pursue his case." *Harter*, 5 F.Supp.2d at 663. Hicks should not be able to disqualify KTJ or its lawyers

---

[1] *https://www.americanbar,org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_7_lawyer_as_witness/com*
[2] *Id*.

by "second-guessing" the Defendants decision not to use KTJ attorneys as witnesses. *Mitts & Merrill, Inc.*, 112 F.R.D. at 354.

**B. <u>KTJ Attorneys Are Not Necessary Witnesses</u>**

Hicks' offers four reasons KTJ attorneys are necessary fact witnesses: (1) KTJ attorney Thomas Melody ("Melody") worked with City officials in drafting and revising ordinances restricting public comment at LaSalle city council meetings; (2) Milluzzi drafted FOIA denials and Public Access Counselor ("PAC") submissions and, in regard to FOIA requests, only she can testify about what records were withheld and why; (3) Wall and Bourgault filed a WVPA petition against Hicks and assembled affidavits and "KTJ is the only source of testimony about these litigation decisions;"[3] and (4) KTJ is the only source that can explain the firm's invoices to the City that reflect their role in the ordinances, FOIA, and WVPA matters that are at issue.[4] *Doc.# 26*, p. 4. None of these reasons require that KTJ attorneys be necessary witnesses in the case.

In *Jones v. City of Chicago*, 610 F.Supp. 350 (N.D.Ill. 1984), the court considered whether the plaintiffs' attorneys should be disqualified because one of them was a necessary witness. The defendant argued that one of the plaintiffs' lawyers was "an eyewitness to one of the crucial and certain to be contested elements of the plaintiffs' case." *Id* at 353. The attorney was present in a hospital room when police officers questioned the plaintiff about his involvement in a murder. The allegedly illegal behavior of the police in their questioning and subsequent improper identification of the plaintiff as the killer resulted in the plaintiff being held in pre-trial detention before his case ended in a mistrial

---

[3] Hicks alleges that Amy Swalec prepared correspondence to the presiding judge regarding the City's WVPA petition. He mistakenly assumes Ms. Swalec is a KTJ attorney who engaged in *ex parte* communications with the LaSalle County Circuit Court judge who presided over the City's petition. Ms. Swalec is <u>not</u> an attorney, she works as a paralegal for KTJ. She provided courtesy copies to the judge of the papers filed related to the WVPA petition. There is nothing improper about Ms. Swalec sending litigation-related materials to the judge along with a cover letter accompanying the documents. Having Ms. Swalec correspond with the court regarding filed documents prevents KTJ attorneys from engaging in *ex parte* communications with the judge.

[4] Hicks notes in his motion that the Illinois Appellate Court reversed the LaSalle County Circuit Court's order granting the City a plenary protective order against Hicks. The complaint makes no mention of the WVPA appeal so information about KTJ work on the appeal is irrelevant.

with prosecutors deciding not to re-try the plaintiff. *Id.* 353. The plaintiff later brought a § 1983 civil rights case against the City of Chicago and individual police officers. The court determined that the attorney was a necessary witness in the civil rights lawsuit because he personally witnessed the hospital room interrogation of his client by defendant police officers. *Id.* at 357.

Here, Hicks wants KTJ attorneys to explain their roles in working as legal counsel with City officials in several situations. Hicks seeks information about the KTJ role in drafting and revising ordinances that concerned public comment at LaSalle City Council meetings. In particular, he seeks to have Melody testify as to legal advice he provided regarding the ordinances. Such information involves attorney-client confidential communications. Hicks also wants Milluzzi to testify about how the City decided to handle FOIA requests he made. Her testimony concerning decisions the City made about Hicks' FOIA requests and the reasons for the decisions involve privileged and confidential attorney-client communications. Similarly, testimony from Wall and Bourgault about litigation decisions made in concert with their client, the City of LaSalle and some of its employees, concerning bringing a WVPA petition against Hicks would require disclosure of attorney-client privileged information. The attorney in *Jones* was a necessary witness because he was an eyewitness to an event crucial to his client's civil rights lawsuit. His testimony about what he saw and heard in a hospital room did not touch on privileged attorney-client communications. Conversely, the information Hicks seeks from the KTJ lawyers clearly implicates confidential attorney-client communications.

In *Mitts & Merrill, Inc.*, the defendant in a patent dispute moved to disqualify counsel for the plaintiff since the defendant intended to call the plaintiff's attorney as a witness. 112 F.R.D. at 354. According to the defendant, any testimony it elicited from the plaintiff's attorney would be prejudicial to the plaintiff. *Id.* The Court disagreed and noted that any testimony by the plaintiff's attorney that might be prejudicial was privileged. The Court observed that, "[w]ithout his [plaintiff's counsel] privileged testimony, there is simply nothing ['plaintiff's counsel] could conceivably be questioned

about that would be prejudicial to his client." *Id.* Further, the plaintiff did not waive its attorney-client privilege and "absent a waiver, plaintiff's attorneys cannot be compelled to testify regarding plaintiff's confidential communications." *Id.* The attorney-client privilege meant the plaintiff's attorney was not a necessary witness and the court denied the motion to disqualify. *Id.* at 354-55; *see also Harter*, 5 F.Supp.2d at 665 (motion to disqualify plaintiff's attorney denied where communications he had with his client were privileged so that the attorney was not a necessary witness.)

The situation here is similar to *Mitts & Merrill, Inc.* The Defendants will not call KTJ attorneys as witnesses. So, the Advocate-Witness Rule does not apply. Rather, Hicks contends the KTJ lawyers he names in his complaint are indispensable witnesses he will call to provide testimony that he believes he needs for his case against the Defendants. The information Hicks seeks to elicit from Melody, Milluzzi, Wall and Bourgault would require these KTJ attorneys to testify about attorney-client privileged communications. Hicks has not alleged that the Defendants or any other City employees have waived the attorney-client privilege, nor have the Defendants put the matters covered by the privilege at issue in a way that could be considered a waiver. *See Harter*, 5 F.Supp.2d at 664 (listing examples of clients waiving attorney-client privilege by putting "in issue" an attorney's advice). The KTJ attorneys cannot be compelled to testify about confidential communications they had with their clients. Therefore, the KTJ attorneys cannot be necessary witnesses and Hicks' motion to disqualify KTJ attorneys pursuant to Rule 3.7(a) should be denied.

### C. <u>Disqualification of KTJ Attorneys Would Result in Substantial Hardship</u>

Rule 3.7(a) provides that: "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . disqualification of the lawyer would work substantial hardship on the client." Whether disqualification will cause a substantial hardship "requires the court to balance the client's interest in keeping his attorney against the court's interest in upholding the ethical standards in the rules of professional responsibility." *In re Gibrick*, 562 B.R. at 189. In

determining whether lawyers should be disqualified, "due regard must be given to the effect of disqualification on the lawyer's client." *Rule 3.7 Lawyer as Witness – Comment.*

Here, disqualification of the KTJ attorneys would cause significant hardship to the Defendants. KTJ has represented the City in a variety of legal matters for several years. Important trust and confidence exists between the Defendants and KTJ based on the firm's past representation of the City. KTJ disqualification would destroy the attorney-client relationship "by depriving a party of representation of their own choosing." *Mills v. Hausmann-McNally, S.C.*, 992 F.Supp.2d 885, 890 (S.D.Indiana 2014); *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983) (recognizing "the prerogative of a party to proceed with counsel of its choice"). This is not a situation where the Defendants could have reasonably foreseen that KTJ attorneys would be likely witnesses. The Defendants do not have any intention of calling their attorneys as witnesses at trial. Unlike *Jones*, KTJ counsel did not witness an event certain to be central to a subsequent civil litigation. Given that the KTJ attorneys' involvement in the instant matter arises from legal work done previously for the City, the reasonable expectation on the part of both Defendants and their lawyers would be that the attorneys could not be witnesses due to attorney-client privilege. The Defendants risk loss of their chosen attorneys in this case only because Hicks threatens to call KTJ counsel as witnesses if the matter goes to trial. Granting Hicks' motion to disqualify constitutes a substantial hardship to the Defendants that requires the Court to deny the plaintiff's motion.

**IV. <u>Hicks Fails to Show KTJ Attorneys Should be Disqualified Pursuant to Rule 1.7</u>**

Hicks also seeks disqualification of KTJ pursuant to ABA Rules of Professional Conduct 1.7. *Doc. #26*, p. 4. Rule 1.7 provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Rule 1.7 defines a concurrent conflict as either of two situations: (1) when the representation of one client will be directly adverse to another client; or (2) when there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's

responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. Rule 1.7 "protects the client's expectation of loyalty from counsel." *Gen-Cor, LLC v. Buckeye Corrugated, Inc.*, 111 F.Supp.2d 1049, 1052 (S.D.Ind. 2000). The mere potential that conflicts of interest might arise is insufficient to justify disqualification under 1.7 *Guillen v. City of Chicago*, 956 F.Supp. 1416, 1426 (N.D.Ill. 1997), *citing Gates Rubber Co., v. Bando Chem. Indus.*, 855 F.Supp. 330, 336 (D.Colo. 1994). In cases where there is a likelihood that a potential conflict could arise, representation is still proper, and disqualification improper, but counsel must fully inform its clients of the pros and cons of representation. *Id.*

Hicks' argument pursuant to Rule 1.7 is limited and insufficient to require disqualification. Hicks asserts that "KTJ cannot defend the City while simultaneously defending its own conduct in drafting ordinances, denying FOIA requests, and prosecuting the WVPA petition." *Doc. #26*, p. 4-5. This falls under the second definition of concurrent conflict, alleging that KTJ's representation of the Defendants will be materially limited by a personal interest of KTJ attorneys. However, Hicks failed to provide any basis for his conclusory assertion and has not established any actual conflict. KTJ is not defending its own conduct in this matter. Nor has Hicks identified any personal interest of KTJ that is adverse to the Defendants' interests in this litigation. The concurrent conflict alleged by Hicks between KTJ's personal interests and Defendants' interests is entirely speculative and conclusory.

The case here is entirely and materially different than the situations in which such a conflict has been found to exist requiring disqualification. *See Doe v. Nielsen*, 883 F.3d 716, 718-19 (7th Cir. 2018) (adverse federal criminal charges against attorney related to the facts of his client's case created a self-interest that would inhibit attorney's ability to carry out his duty as advocate and would likely influence defense strategies). Even if Hicks identified an actual conflict, he would also have to show how that conflict would materially limit KTJ's representation of the Defendants to establish a concurrent conflict under Rule 1.7. However, Hicks fails to even allege – let alone establish by factual

support – any actual, concrete limitations that this supposed concurrent conflict would have on KTJ's representation of Defendants.

Even if a concurrent conflict existed, Rule 1.7(b) permits an attorney to proceed with representation if the attorney reasonably believes the client will not be adversely affected and if the client consents in writing after disclosure. *Guillen,* 956 F.Supp. at 1422. Plaintiff asserts that the conflict he alleges here is not subject to waiver under Rule 1.7(b), but fails to cite to any case law or other authority to support this position. *Doc. #26*, p. 5. Hicks' position directly conflicts with the text of Rule 1.7(b) which clearly states that waiver is available in the case of such a conflict. Here, no conflict exists between KTJ's interests and its representation of the Defendants, but even if the Court had concerns, KTJ attorneys Bourgault and Wall are confident that they can provide diligent and competent representation to Defendants in this matter and that Defendants will not be adversely affected by their representation. If the Court deems it necessary, written informed consent can be tendered to the Court.

## V. <u>Hicks Fails to Show KTJ Attorneys Should be Disqualified Pursuant to Rule 1.9</u>

Hicks also seeks disqualification of KTJ pursuant to ABA Rule 1.9. *Doc. #26*, p. 5. Rule 1.9 governs the client-lawyer relationship between a lawyer and former clients. Rule 1.9(a) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the client gives informed consent, confirmed in writing." Rule 1.9(b) deals with situations in which a lawyer represents a client in relation to the same matter or a substantially related matter to that which a former firm/employer of that lawyer represented another person with an adverse interest to the present client, which is not applicable to the present case. Rule 1.9(c) prevents a lawyer from revealing or using information obtained in the representation of a former client to the detriment of that former client. The fundamental concern

behind Rule 1.9 is to prevent a lawyer from "switching sides", by going from representing one party to representing their adversary. *In re Mack Industries*, Ltd., 606 B.R. 313, 324 (N.D.Ill. 2019). The question is whether there is a substantial risk that the attorney obtained confidential information in previous representation will be used to materially advance a new client's position adverse to the former client. *Id.* at 325.

Hicks fails to establish any former client relationship that would disqualify KTJ from representing the Defendants in this matter. Rule 1.9 only applies in situations where an attorney represents a new client whose interests are adverse to a former client's in a substantially related matter. KTJ's prior representation of the City and its current representation in the instant matter does not create a conflict under Rule 1.9. Additionally, Hicks has not established that the individually named Defendants represented by KTJ here have interests that are adverse to the City. To the contrary, the individually named Defendants are LaSalle employees whose interest align with the City. Accordingly, there is no conflict under Rule 1.9 regarding representation of a former client that would disqualify KTJ and its attorneys from representing the Defendants in this matter.

**WHEREFORE,** for all the above-stated reasons, the City of LaSalle and Jeff Grove, Michael Smudzinski, John Duncan, Brent Bader, McKenzie Taylor, and Brian Camenisch respectfully request that this Honorable Court deny the plaintiff's motion to disqualify Defendants' legal counsel Klein, Thorpe and Jenkins, and grant any further relief deemed just and fair.

Respectfully submitted,

By: /s/ Allen Wall and /s/ Daniel W. Bourgault
*Attorneys for the Defendants*

Allen Wall (jawall@ktjlaw.com)
Daniel W. Bourgault (dwbourgault@ktjlaw.com)
Klein, Thorpe and Jenkins, Ltd.
120 South LaSalle Street, Suite 1710
Chicago, Illinois 60603
(312) 984-6400