**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMIE HICKS, | |
| Plaintiff, | |
| v. | Case No. 25-cv-07375 |
| CITY OF LASALLE, an Illinois municipal corporation, JEFF GROVE, in his individual and official capacities as Mayor of LaSalle, et al. | Judge Mary M. Rowland |
| Defendants. | |

## <u>MEMORANDUM OPINION & ORDER</u>

Plaintiff Jamie Hicks brought this *pro se* lawsuit against Defendants City of LaSalle, Mayor Jeff Grove, and various other city employees. [5] (amended complaint). Before the Court is Plaintiff's motion to disqualify Defendants' legal counsel under the ABA Model Rules. [26]. For the reasons explained herein, Plaintiff's motion, [26], is denied as premature.

### I.   Background

The Court takes allegations from the amended complaint and Plaintiff's motion to disqualify to the extent they are relevant to resolving the motion. [5]; [26].

On February 23, 2023, Ordinance 3013 was introduced to LaSalle's City Council. [5] at ¶ 108. The Ordinance was adopted on May 15, 2023, and imposed a five-minute limit per speaker and capped the public comment period at 45 minutes. *Id*. It further prohibited "vulgar" or "inappropriate" remarks and allowed for the removal of speakers who violate the Ordinance. *Id*. [26] at 1. On August 21, 2023,

1

Ordinance 3032 amended Ordinance 3013, clarifying comment periods and reaffirming limits. *Id.* In July 2024, Defendants' attorneys Klein Thorpe & Jenks, Ltd. ("KTJ") drafted revisions of the ordinances with City Attorney James McPhedran and City Finance Director John Duncan. *Id.* These revisions reduced speaking time from five minutes to three minutes and added "civility language". *Id.* In late summer 2024, the revised Ordinance was adopted, prohibiting "profane", "annoying", or "threatening" behavior within municipal buildings, and imposing fines up to $750 for violations. *Id.* at 2.

Plaintiff submitted multiple FOIA requests between 2023 and 2025 regarding the City Ordinances. *Id*; [5] at ¶ 93. KTJ attorney Mallory Milluzzi invoked deliberative process and attorney-client privilege to withhold drafts and correspondence. [26] at 2. Plaintiff alleges he received documents showing direct communication between KTJ and Attorney General staff. *Id.*

On April 12, 2024, KTJ attorneys Daniel Bourgalt and Allen Wall filed an "emergency" Illinois Workplace Violence Protection Act ("WPCA") petition against Plaintiff. *Id.*; [5] at ¶ 144. The petition clamed Hicks stated to Duncan "[w]hen I see you outside, I'm going to kick the fuck out of you." [5] at ¶ 146. The City also submitted affidavits from two employees who claimed to have overheard the alleged threat. *Id.* at ¶ 147. City employee Kevin Fay stated in his affidavit that Plaintiff said he would "kick [Duncan's] ass", and city employee Melanie Johnstone stated in her affidavit that Plaintiff said he would "whoop [Duncan's] ass". *Id.* Plaintiff asserts that Duncan initially only wanted the incident documented, but escalated the allegations the

following day. [26] at 2. According to Plaintiff, Deputy Douglas Pastirik confirmed Plaintiff made no threats. *Id.* Despite this, a state court entered a one-year WPVA injunction prohibiting Plaintiff from City Hall, Council meetings, and all municipal property. *Id.* In August 2025, an Illinois Appellate Court reversed the WPVA order. *Id.* at 3. FOIA records confirm that KTJ attorneys billed for the WVPA petition and the subsequent litigation. *Id.*

Plaintiff filed this suit on July 3, 2025, and KTJ attorneys filed appearances on behalf of Defendants on July 23, 2025. Plaintiff moved to disqualify the KJB attorneys shortly after, on August 25, 2025. [26].

## II.    Discussion

Plaintiff argues that KTJ must be disqualified under ABA Model Rules (1) Rule 3.7 because they are material fact witnesses, (2) Rule 1.7 because they have a concurrent conflict of interest, and (3) Rule 1.9 because there is a former client conflict. [26] at 4-5. Defendants respond that (1) the motion is premature, and (2) Hicks fails to show KTJ should be disqualified under Rule 3.7, 1.7 or 1.9. [54] at 3-12. The Court agrees with Defendants.

Disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary" and disqualification "motions should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721–22 (7th Cir.1982); *see also Owen v. Wangerin,* 985 F.2d 312, 317 (7th Cir.1993); *Schiessle v. Stephens,* 717 F.2d 417 (7th Cir.1983). Courts are to look at disqualification motions with caution because

3

"[a] disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing." *Freeman,* 689 F.2d at 721. "[T]he Seventh Circuit considers the right of a party to select counsel of his choice to be a matter of significant importance, which will not be disturbed unless a specifically identifiable impropriety *has occurred." Guillen v. City of Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997) (emphasis in original). Accordingly, the burden is on the moving party to show the facts warranting disqualification. *Government of India v. Cook Industries, Inc.,* 569 F.2d 737, 739–40 (2d Cir.1978). A motion for disqualification is within the sound discretion of the district court. *English v. Local Union No. 46,* 654 F.2d 473 (7th Cir.1981).

It is well established that an attorney is barred from acting as both an advocate and a witness in a single proceeding. *U.S. v. Marshall,* 75 F.3d 1097, 1106 (7th Cir.1996). This principle serves several purposes: "(1) it eliminates the possibility that the attorney will not be a fully objective witness; (2) it reduces the risk that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to an attorney's arguments; and (3) it avoids the appearance of impropriety." *Mercury Vapor Processing Techs., Inc. v. Vill. of Riverdale*, 545 F. Supp. 2d 783, 787–89 (N.D. Ill. 2008) (citing *U.S. v. Morris,* 714 F.2d 669, 671 (7th Cir.1983))

Rule 3.7(a) of the ABA Rules of Professional Conduct provide that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" unless certain enumerated exceptions apply. *See e.g. Mercury Vapor Processing Techs.*, 545 F. Supp. 2d at 787. The exceptions include: "(1) the testimony

4

relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) the disqualification of the lawyer would work substantial hardship on the client." ABA Rules of Professional Conduct 3.7(a). The threshold question is whether an attorney is likely to be a *necessary* witness. *Jones v. City of Chicago*, 610 F. Supp. 350, 356 (N.D. Ill. 1984) (emphasis added). The district court must "examine the goals sought to be served by the rule against [] dual appearances and determine whether the particular situation confronting the court requires the testifying attorney withdraw as counsel." *Morris*, 714 F.2d at 671.

Given that disqualifying counsel is a "drastic measure" that should be viewed with "extreme caution", the Court is reluctant to disqualify Defendants' counsel at this stage. In *Interactive Coupon Marketing Group, Inc. v. H.O.T! Coupons, LLC*, 1999 WL 409990, (N.D. Ill. June 7, 1999) the Court denied the motion for disqualification, reasoning "at this stage of the litigation . . . . [i]t is too early to tell whether [the claims] have merit and whether [the] attorneys' testimony will be adverse", and additionally that "the primary problem with attorneys as witnesses comes at the time of the jury trial." *Id*. at *3. This reasoning is directly applicable here. Indeed, the case is at an early stage of litigation, with pending motions to dismiss before the Court. *See* [36]; [50]; [52]. Consequently, it is not clear to the Court at this stage what claims will survive for trial and, if there is a trial, which witnesses will be required. Further weighing against disqualification, Defendants have represented that they "do not intend to call KTJ attorneys as witnesses on their behalf at trial" ([54] at 4-5); the KTJ attorney witnesses therefore may not be "necessary." *See Mitts & Merrill, Inc. v.*

5

*Shred Pax Corp.*, 112 F.R.D. 349, 353–54 (N.D. Ill. 1986), report and recommendation approved, No. 79 C 3379, 1986 WL 466 (N.D. Ill. Nov. 19, 1986) (quoting *May's Family Centers, Inc. v. Goodman's, Inc.*, 590 F.Supp. 1163, 1165 n. 7 (N.D.Ill.1984)) ("[O]nly the party and its counsel can decide who its witnesses will be; thus, whether it is obvious that [the attorney] ought to be called as a witness on behalf of [the party] is within [the party's] control. Since Mitts has declared that Mr. Santisi will not be its witness, Shred Pax cannot disqualify him or his firm by second-guessing that decision.") (internal quotations omitted).

Alternatively, Plaintiff may intend to call KTJ attorneys as witnesses at trial, but the Court notes that attorney-client privilege could shield information about KTJ's role in advising the City, and in their role revising and drafting City Ordinances. *Id*. at 354 ("Mitts has not waived its attorney-client privilege and absent a waiver, plaintiff's attorneys cannot be compelled to testify regarding plaintiff's confidential communications."). This further weighs against disqualification at this stage of the litigation under Rule 3.7.

Turning to ABA Model Rules of Professional Conduct 1.7 and 1.9, Plaintiff cites *Schiessle*, 717 F.2d at 420–21 and *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266–67 (7th Cir. 1983) for the proposition that conflicts under Rule 1.7[1] and

---

[1] Rule 1.7 provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Rule 1.7 defines a concurrent conflict as either: (1) when the representation of one client will be directly adverse to another client; or (2) when there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. ABA Rules of Professional Conduct 1.7.

6

Rule 1.9[2] require disqualification. But those cases are distinguishable. In *Schiessle*, the attorney which defendants sought to disqualify first represented the defendants directly, even reaching out to the plaintiffs' attorney to confer about dismissal on their behalf. Subsequently, the attorney joined the firm that represented the plaintiffs, effectively switching sides. *Schiessle*, 717 F.2d at 419-20. To the contrary, here, KTJ represented Defendants during the events at issue in this case, and *continues* to represent Defendants throughout the resulting litigation—the ethical dilemma in *Schiessle* is not present here. *Analytica, Inc.* is distinguishable for the same reasons. ("[T]his is a case where the same law firm represented adversaries in substantially related matters"). *Id.* at 1267.

Accordingly, KTJ attorneys cannot be deemed necessary witnesses at the pleading stage under Rule 3.7, the request for disqualification is premature. Further, Rule 1.7 and Rule 1.9 are not applicable here. Plaintiff's motion requesting disqualification of KTJ [26] is denied without prejudice.

### III. Conclusion

For the reasons stated herein, Plaintiff's motion to disqualify legal counsel [26] is denied. Defendant's status report remains due on May 18, 2026.

---

[2] Rule 1.9(a) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the client gives informed consent, confirmed in writing." Rule 1.9(b) addresses situations where a lawyer represents a client in relation to the same matter or a substantially related matter to that which a former firm/employer of that lawyer represented another person with an adverse interest to the present client. Rule 1.9(c) prevents a lawyer from revealing or using information obtained in the representation of a former client to the detriment of that former client. ABA Rules of Professional Conduct 1.9(a)-(c).

7

E N T E R:

Dated: March 16, 2026

MARY M. ROWLAND

United States District Judge

8